Munoz-Machado v. Garland

BIA
Kolbe, IJ
A208 990 617

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

DINORA EMILIA MUNOZ-MACHADO,
> *Petitioner,*

> v.                                                                 22-6224
                                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Nicolas J. Mundy, Esq., Brooklyn, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Principal Deputy Assistant Attorney General; Stephen J. Flynn, Assistant Director; Kitty M. Lees, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dinora Emilia Munoz-Machado, a native and citizen of El Salvador, seeks review of an April 26, 2022, decision of the BIA affirming a February 28, 2019, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dinora Emilia Munoz-Machado*, No. A 208 990 617 (B.I.A. Apr. 26, 2022), *aff'g* No. A 208 990 617 (Immig. Ct. N.Y. City Feb. 28, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA, i.e., minus the IJ's alternative social group findings that the BIA did not rely on. *See Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018); *see also Singh v. Garland*, 6 F.4th 418, 425 (2d Cir. 2021) (reviewing both decisions "[w]here the BIA and IJ reach the same conclusion on credibility" but "ignoring any grounds . . . explicitly rejected by the

2

BIA." (quotation marks omitted)).   We review adverse credibility determinations "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).   We review questions of law and the application of law to fact de novo.   *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 583 (2d Cir. 2021).   We find no error in the agency's conclusion that Munoz-Machado failed to meet her burden of proof in the absence of credible testimony or corroboration.

**I.     Credibility**

An applicant's testimony "may be sufficient to sustain [her] burden without corroboration, but only if [she] satisfies the trier of fact that [her] testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."   8 U.S.C. § 1158(b)(1)(B)(ii).   "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements

3

with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the adverse credibility determination.

Munoz-Machado claimed a fear of gang retribution, alleging that she witnessed gang members murder her uncle, and she claimed a fear of harm from her boss's partner who she alleged had assaulted and threatened her while she sought refuge at her boss's home after she witnessed the murder. The agency reasonably relied on inconsistencies regarding the alleged murder to find her not credible. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Munoz-Machado testified that she witnessed her uncle's murder in July 2015, but his death certificate placed his death in June 2014. Further, her testimony about what she reported to the police about the murder was inconsistent—she testified on direct that she gave the police the alias of one gang members, but changed her testimony on cross-examination,

4

testifying that she did not give any aliases to the police out of fear of retaliation.

These two inconsistencies provide substantial evidence for the adverse credibility determination because they call into question whether she witnessed her uncle's murder or reported gang members to the police. "[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find h[er] credible. Multiple inconsistencies would so preclude even more forcefully." *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020). While date inconsistencies may be trivial, the one-year discrepancy about when her uncle died raises doubts about Munoz-Machado's claim that she witnessed his murder and that she felt threatened by the gangs. *Cf. Gurung v. Barr*, 929 F.3d 56, 61 (2d Cir. 2019) (holding that a 2-day date discrepancy did not "amount[] to substantial evidence capable of supporting an adverse credibility finding" where it "ha[d] no tendency to suggest a petitioner fabricated his or her claim" (quotation marks and citations omitted)).

**II. Corroboration**

Given the inconsistencies, the IJ did not err in requiring corroboration. An applicant's testimony "may be sufficient to sustain [her] burden without corroboration, but only if [she] satisfies the trier of fact that [her] testimony is

credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Munoz-Machado did not provide testimony or a letter from her aunt, who allegedly also witnessed the murder; letters from her grandparents, mother, or father, who could have corroborated alleged reports to police; or a letter from her boss, who could have corroborated the injuries inflicted form the alleged assault. Munoz-Machado did not demonstrate that such corroboration was unavailable: she testified that she did not ask for further corroboration, her aunt was living in Virginia, and her mother sent other documents. *See Pinel-Gomez v. Garland*, 52 F.4th 523, 529 (2d Cir. 2022) (explaining when an IJ may deny a claim where an applicant fails to present "reasonably obtainable corroborating evidence").

In sum, given the lack of credibility and absence of corroboration to rehabilitate her testimony or establish a basis for her claim apart from the testimony, the agency did not err in concluding that Munoz-Machado failed to

6

meet her burden of proof for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). That determination is dispositive because all three forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief."); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (holding that a petitioner who does not establish the risk of harm "required for the grant of asylum, . . . necessarily fails to demonstrate" the greater risk harm required for withholding of removal and CAT relief (quotation marks and citations omitted)).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7